## In re CORKY FOODS CORP., Debtor.

### Bankruptcy No. 87–01933–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Sept. 23, 1988.

Gregory B. Dickenson, Palm Beach Gardens, Fla., for debtor.

Irving E. Gennet, Boca Raton, Fla., trustee.

## ORDER DENYING REHEARING

THOMAS C. BRITTON, Chief Judge.

The debtor's motion (CP 146) for reconsideration of the Order Denying Confirmation and Converting Case dated August 12 was heard September 6. At the hearing, the debtor submitted an Amended Motion for Rehearing (CP 148). Though it came after the deadline for the motion has expired, I have considered the amendment.

The debtor proffers a letter from an accountant dated August 15, forty-eight days after the confirmation hearing and three days after my decision, and the testimony of the debtor's general manager as a basis for me to reconsider my finding that the debtor was not a farmer. In doing so, the debtor misconceives the role of a motion under B.R. 9023.

The motion may seek a new trial to introduce newly discovered evidence of which movant was excusably ignorant despite having used due diligence to learn about them. A new trial is not appropriate merely to let the losing party supplement the evidentiary record which was before the court. *Kirby v. U.S.,* 297 F.2d 466 (5th Cir.1961); *Butler v. Pettigrew,* 409 F.2d 1205 (7th Cir.1969). If the losing party could get a new trial merely to supplement the evidentiary record, litigation would never come to an end. *Nordin Construction Co. v. City of Nome, Alaska,* 489 P.2d 455, 473 (1971). The debtor has not identified any evidence *in the record* which was overlooked, nor has it identified any other error in the conclusions reached.

The debtor has also argued at length that "it has insufficient assets to justify a liquidation." This is a curious assertion from a debtor who has been attempting corporate reorganization in this court for the past 15 months.

The U.S. Trustee has requested conversion of this case and liquidation under the supervision of a panel trustee. If, as debtor argues, the debtor is worthless, and if the trustee determines that there are no avoidable transfers recoverable for the benefit of creditors, those facts should be determined by a disinterested party, not by the debtor to whom the assets would be abandoned in the event of dismissal.

The debtor has shown no ground for reconsideration and its motion, therefore, is denied.