**Richard W. GABRIEL, Plaintiff–Appellant,**

v.

**UNITED STATES of America and United States of America, Department of the Army, Corps of Engineers, Defendants–Appellees.**

**No. 93–3659.**

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1994.

Decided July 20, 1994.

Rehearing and Suggestion for Rehearing In Banc Denied Aug. 30, 1994.

office in Chicago and to the United States Attorney's office in that city. The United States did not complete the notice and acknowledgment of receipt.

In September 1992, plaintiff's counsel called the office of the Clerk of the United States District Court for the Central District of Illinois in an effort to determine "what action on his firm's part was necessary to satisfy the 'delivery' requirement of Rule 4(d)(4)" (Br. 5–6). Plaintiff's counsel claims that he was told by Bonnie Nichols of that office that "delivery" could be accomplished by using Certified Mail. Plaintiff's counsel, therefore, sent copies of the summons and complaint to the United States Attorney for the Central District of Illinois and to the Attorney General of the United States by Certified Mail.

In December 1992 the United States answered the complaint. The third of its five affirmative defenses was that "plaintiff has failed to serve the United States in accordance with the Federal Rules of Civil Procedure" (Answer at 1). At a Rule 16 conference in January 1993, the United States indicated that it might file a motion to dismiss for improper service (Br. 6).

On June 9, 1993, the United States moved to dismiss for improper service. Eight days later plaintiff delivered a copy of the summons and complaint to the receptionist in the office of the United States Attorney in Springfield, Illinois.

In September 1993 Magistrate Judge Kauffman issued a Report and Recommendation indicating that the claim should be dismissed without prejudice. The Report and Recommendation concluded that use of Certified Mail did not constitute "delivery" as required by Fed.R.Civ.P. Rule 4(d)(4) and plaintiff's counsel had failed to show good cause for his omission. In October 1993 District Judge McDade adopted the Report and Recommendation and dismissed the claim without prejudice for want of proper service.

On December 1, 1993, Rule 4 of the Federal Rules of Civil Procedure was amended to

Richard L. Rumsey, Anesi, Ozmon & Rodin, Chicago, IL (argued), for plaintiff-appellant.

Gerard A. Brost, Office of the U.S. Atty., Peoria, IL (argued), James A. Lewis, Asst. U.S. Atty., Springfield, IL, for defendants-appellees.

Before CUMMINGS and RIPPLE, Circuit Judges, and TINDER, District Judge.*

CUMMINGS, Circuit Judge.

On July 23, 1992, plaintiff Richard W. Gabriel filed a two-count complaint against the United States and its Army Corps of Engineers pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671 *et seq.*) seeking $350,-000 in damages for personal injuries. The suit was based on the Illinois Structural Work Act (740 ILCS 150/0.01 *et seq.*) and negligence.

On July 28 plaintiff mailed a copy of the complaint to the Army Corps of Engineers'

---

* The Honorable John D. Tinder of the Southern District of Indiana is sitting by designation.

allow Certified or Registered Mail service on the appropriate United States Attorney.

*Discussion*

Plaintiff's counsel makes three arguments. First, he argues that service of process on the United States Attorney by Certified Mail satisfied the requirements of Federal Rule of Civil Procedure 4. Second, plaintiff's counsel argues that to the extent he failed to serve the United States Attorney properly, the district court should have excused his failure because he acted in reliance on the advice of an employee in the office of the Clerk of the United States District Court for the Central District of Illinois. Finally, in his reply brief, plaintiff's counsel argues that provisions of the newly enacted Rule 4 should govern this case.

■ Plaintiff's counsel's first claim—that Rule 4 permitted the United States Attorney to be served by Certified Mail at the time the case was filed—is clearly without merit. When suing the United States, a party must make service on both the United States Attorney for the district in which the action is brought and on the Attorney General in Washington. At the time the district court dismissed the claim without prejudice, Fed.R.Civ.P. Rule 4(d)(4) provided that service upon the United States could be accomplished "by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action was brought * * *." And although Rule 4(d)(4) allowed the Attorney General to be served by Registered or Certified Mail, the rule made no provision for service by mail, Certified or otherwise, on the United States Attorney. In fact, courts have repeatedly held that Rule 4(d)(4) required that the United States Attorney be personally served. See, *e.g., Whale v. United States,* 792 F.2d 951, 953 (9th Cir.1986) (Rule 4(d)(4) requires personal service on the United States Attorney); *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991) (same). The service attempted here was clearly insufficient.

■ Plaintiff's counsel's second argument fares no better. A party's failure to satisfy the personal service requirement of Rule 4(d)(4) could be excused if he could show "good cause" for his failure. Fed.R.Civ.P. 4(j) (1987).[1] Plaintiff's counsel argues that his failure to properly serve the United States Attorney should be excused because he acted in reliance on the advice of an employee of the District Court Clerk. Such advice, however, does not constitute "good cause" under then Fed.R.Civ.P. 4(j). Cf. *Lewellen v. Morley,* 909 F.2d 1073, 1076–1077 (7th Cir.1990). Plaintiff's counsel, in fact, offers no support for his claim that he was entitled to rely on the statements of a Clerk's office employee. Moreover, had plaintiff's counsel read Rule 4 carefully or read the relevant case law, he would have quickly realized that he could not serve the United States Attorney by mail. And reliance on the advice of a Clerk's office employee cannot excuse plaintiff's counsel's failure to do basic research. Cf. *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988) ("[H]alf-hearted attempts to serve a defendant will not excuse a plaintiff from adhering" to the dictates of Rule 4.). Finally, plaintiff's counsel did not attempt to serve the United States Attorney correctly even after the government indicated in its answer and at the Rule 16 conference that it had not been properly served. Cf. *Tso v. Delaney,* 969 F.2d 373, 376 (7th Cir.1992); *Floyd v. United States,* 900 F.2d 1045, 1047, 1048–49 (7th Cir.1990). The district court's determination that there was not good cause for plaintiff's failure to serve the United States Attorney personally was clearly correct.

■ Plaintiff's counsel makes a final argument in its reply brief. He argues that Rule 4 as amended in December 1993—allowing Certified or Registered Mail service on the United States Attorney—should be applied

---

1. Rule 4(j) then provided:
   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
   The "good cause" requirement is now contained in Rule 4(m).

to this case. Circuit Rule 28(f), however, states that a "reply brief shall be limited to matter in reply." 7th Cir.R. 28(f). Arguments for reversal must be made in an appellant's initial brief so that an appellee has the opportunity to respond to them. Plaintiff's counsel's failure to raise the issue of the applicability of the 1993 amendments to Rule 4 to this case constitutes waiver and we need not address the argument. *Rivera v. Benefit Trust Life Insurance Co.*, 921 F.2d 692, 697 (7th Cir.1991); *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir.1990).

For the reasons set out above, the determination of the district court is

AFFIRMED.