In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2991

Debra McMasters,

Plaintiff-Appellant,

v.

United States of America and
the Department of the Navy,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 6413--Charles P. Kocoras, Judge.

Argued February 26, 2001--Decided August 14, 2001


   Before Bauer, Posner, and Kanne, Circuit
Judges.

   Kanne, Circuit Judge.  On August 2, 1991,
fifteen year- old Amanda Lee Scott was
raped and murdered by then-United States
Marine Valentine Underwood./1 On
February 28, 1995, Scott's mother,
plaintiff-appellant Debra McMasters,
filed suit against the United States and
the Department of the Navy in the United
States District Court for the Central
District of California seeking damages
under state law as well as under the
Federal Tort Claims Act ("FTCA"), 28
U.S.C. sec. 1346(b)./2 McMasters,
proceeding pro se, delivered a copy of
the summons and complaint to the U.S.
Marine Corps' Air and Ground Center in
Twenty-Nine Palms, California, on July
30, 1995. Approximately a year later,
McMasters sent a copy of the summons and
complaint via certified mail to the
Attorney General of the United States. At
that time, McMasters also sent copies of
the summons and complaint to the
Commandant of the Marine Corps and the
Department of the Navy.

   Three years later, McMasters filed a
motion for default judgment based on the
fact that the government had not
responded to her complaint. The
government opposed McMasters' motion,
asserting that it did not have notice of

the action until McMasters filed the motion for default judgment because McMasters failed to serve the United States Attorney for the Central District of California. The district court denied McMasters' motion for default judgment but determined that service was proper:

The Court will, however, deem the U.S. Attorney's Office as served because McMasters, representing herself pro se, has "substantially complied" with Fed. R. Civ. Proc. Rule 4 and it is clear that the U.S. Attorney's Office by its response to the instant motion has actual notice of the complaint against its clients, the United States of America and the Department of the Navy. McMasters contends that she has a justifiable excuse for the failure to serve properly in that she received erroneous information regarding the service of process. Further, the defendants have not shown any prejudice from the defect in the service of the summons and complaint, whereas plaintiff would be severely prejudiced by the loss of her claim if the court were to construe Rule 4 in a rigid manner in this case.

McMasters v. United States, No. 00-2991 (C. D. Cal. Aug. 8, 1998) (order denying plaintiff's motion for default judgment and ordering defendants to file a responsive pleading).

On August 24, 1998, McMasters moved to transfer the case from the Central District of California to the Northern District of Illinois pursuant to 28 U.S.C. sec. 1404(a). The government did not oppose the transfer, and the district court granted the motion. McMasters, now represented by counsel, filed an amended complaint in the Northern District of Illinois alleging that, as her daughter's next-of-kin, she was entitled to relief under the FTCA because the Marine Corps negligently recruited, enlisted, supervised, and retained Underwood. In its answer, the government presented several defenses including insufficient service of process. The government filed a motion for judgment on the pleadings, or alternatively for summary judgment, arguing that the case should be dismissed for insufficient service of process, or alternatively, because plaintiff's claims were barred by the FTCA's assault and battery exception, 28 U.S.C. sec.

2680(h), and the discretionary function exception, 28 U.S.C. sec. 2680(a). McMasters filed a cross-motion for summary judgment.

On March 28, 2000, the district court granted the government's motion for judgment on the pleadings, finding that service of process was insufficient because McMasters failed to serve the United States Attorney./3 In making this determination, the court recognized that a court is generally bound by decisions made by a coordinate court but found that the determination of the district court for the Central District of California regarding service of process was "clearly erroneous and would work a manifest injustice" if allowed to stand. McMasters v. United States, No. 98 C 6413, 2000 WL 336549, at *4 (N.D. Ill. March 28, 2000). McMasters filed a motion for reconsideration and the district court denied the motion. She now appeals. We review the district court's order granting the motion for judgment on the pleadings de novo, drawing all inferences in the light most favorable to McMasters. See Velasco v. Ill. Dep't. of Human Servs., 246 F.3d 1010, 1016 (7th Cir. 2000).

The plain language of Rule 4(i) of the Federal Rules of Civil Procedure requires that, in order to properly serve the United States or its agencies, corporations, or officers, a plaintiff must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States./4 While a court must give a plaintiff reasonable time to cure a defect in service under Rule 4(i)(3)/5 or grant an appropriate extension of time for service under Rule 4(m),/6 nothing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4. See Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 301-02 (7th Cir. 1991) (stating that neither actual notice nor substantial compliance is sufficient to satisfy the requirements of Rule 4); see also Gabriel v. United States, 30 F.3d 75, 77 (7th Cir. 1994) (upholding dismissal where plaintiff served U.S.

Attorney by mail because, at that time, Rule 4(d)(4) required personal service on the U.S. Attorney).

Although McMasters mailed a copy of the summons and complaint to the Attorney General in accordance with Rule 4(i)(1)(B), at no point did she ever serve the U.S. Attorney. This failure renders improper the service of the United States. See Tuke v. United States, 76 F.3d 155, 157 (7th Cir. 1996) (stating that a plaintiff must comply with both prongs of 4(i)(1) "for good reason: that's what the rule says"). The fact that McMasters was proceeding pro se does not excuse her failure to comply with procedural rules. See, e.g., McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") (footnote omitted). Thus, we are in agreement with the district court's conclusion that, "the Central District of California may have been within its discretion in permitting McMasters' service on the Attorney General nearly 15 months after the filing of her complaint, but clearly erred in excusing McMasters from ever having served or having to serve the U.S. Attorney." McMasters v. United States, 2000 WL 336549, at *4. Although this may seem overly formalistic, "[t]he Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal." Tuke, 76 F.3d at 157.

McMasters argues that even if service was improper, the district court erred in revisiting the decision of the Central District of California. She contends that the law of the case doctrine precluded the district judge in the Northern District of Illinois from reviewing the pre-transfer decision of the district judge in the Central District of California that service was proper. McMasters is correct that the law of the case doctrine, which provides that courts should refrain from reopening issues decided in earlier stages of the same litigation, see Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), applies when a case is

transferred from one district court to another. See id. at 816. ("[T]he [law of the case] doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions."). However, as the district court correctly recognized, "[t]he doctrine does not apply if the court is 'convinced that [the prior decision] is clearly erroneous and would work a manifest injustice.'" Agostini v. Felton, 521 U.S. 203, 236, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997) (quoting Arizona v. California, 460 U.S. 605, 618 n.8, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)).

Whether the second district judge correctly overruled the decision of the first district judge is of no moment on appeal, however, when we are faced with an issue of law. Notwithstanding plaintiff's assertions to the contrary, the law of the case doctrine does not prevent either party from seeking review of an erroneous decision by a district court. On appeal, "the question is not whether the second judge should have deferred to the ruling of the first judge, but whether that ruling was correct." Williams v. Comm'r of Internal Revenue, 1 F.3d 502, 503 (7th Cir. 1993); see also Champaign-Urbana News Agency, Inc. v. J.L. Cummins News Co., 632 F.2d 680, 683 (7th Cir. 1980) ("[O]bviously we cannot be expected to reverse a correct decision by one district judge simply because we find it is contrary to a prior ruling by another district judge in the same case.") (internal quotation omitted). As we indicated above, the dis trict court correctly found that McMasters failed to properly serve the United States; therefore, plaintiff's first argument fails.

Next, McMasters contends that service was proper under Ninth Circuit precedent and that the district judge in the Northern District of Illinois should have applied that law when evaluating whether service was proper. McMasters relies on Borzeka v. Heckler, 739 F.2d 444 (9th Cir. 1984), to support her contention that the district judge in the Central District of California properly concluded that service had been effected on the United States. In Borzeka, the plaintiff attempted to serve the U.S. Attorney by sending the summons and complaint by certified mail rather than personally

serving the U.S. Attorney as required at that time by Rule 4(d)(5) of the Federal Rules of Civil Procedure. See id. In reversing the district court's dismissal, the Ninth Circuit held that failure to comply with the personal service requirement of Rule 4(d)(5) did not require dismissal if: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Id. at 447 (footnote omitted).

We are not convinced that McMasters' service of the United States was proper even under the test articulated in Borzeka; however, we need not consider that issue because McMasters' assertion that Ninth Circuit precedent applies in this case is incorrect. Although the law of the transferor court continues to apply when a diversity case is transferred from one district court to another under sec. 1404(a), see Van Dusen v. Barrack, 376 U.S. 612, 639, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964), the transferee court is usually "free to decide [federal issues] in the manner it views as correct without deferring to the interpretation of the transferor circuit," In re Korean Air Lines Disaster, 829 F.2d 1171, 1174 (D.C. Cir. 1987) (Ruth B. Ginsburg, J.) (internal quotation omitted), aff'd on other grounds sub nom. Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 109 S. Ct. 1676, 104 L. Ed. 2d 113 (1989). On a limited number of federal issues, a court may be required to apply the law of a different circuit to cases which have been transferred under sec. 1404(a), see Eckstein v. Balcor Film Investors, 8 F.3d 1121, 1126-27 (7th Cir. 1993), but the general rule is that "[a] single federal law implies a national interpretation . . . . [T]he norm is that each court of appeals considers the question independently and reaches its own decision, without regard to the geographic location of the events giving rise to the litigation." Id. at 1126; see also In re Korean Air Lines Disaster, 829 F.2d at 1175. ("[B]ecause there is ultimately a single proper interpretation of federal law, the attempt to ascertain

and apply diverse circuit interpretations simultaneously is inherently self-contradictory."). Although "Congress might require one federal court to apply another's interpretation of federal law . . . sec. 1404(a) does not itself do so." Eckstein, 8 F.3d at 1126. Only where the law of the United States is specifically intended to be geographically non-uniform should the transferee court apply the circuit precedent of the transferor court. See id. ("Section 27A [of the Securities Exchange Act of 1934] recognizes that different circuits had taken different approaches to the appropriate statute of limitations in suits under sec. 10(b), and it codifies this fractured nature of federal law . . . ."). But see Menowitz v. Brown, 991 F.2d 36, 40-41 (2d Cir. 1993) (finding that a transferee court should always apply the law of its circuit and ignore the law of the transferor circuit under sec. 27A). Unlike the statute at issue in Eckstein, the Federal Rules of Civil Procedure are not intended to be geographically non-uniform. Thus, the district court properly applied Seventh Circuit precedent in evaluating whether McMasters' case should be dismissed for failure to serve the United States Attorney.

   For the foregoing reasons, we find that the district court properly dismissed McMasters' complaint for failure to effect proper service on the United States. The decision of the district court is AFFIRMED.

FOOTNOTES

/1 Valentine was convicted of Amanda Lee Scott's murder as well as the murder of twenty year-old Rosalie Ortega in California State Court on December 19, 1997. He is currently serving two consecutive life sentences in state prison.

/2 McMasters' suit was based on the fact that the Marines issued a waiver allowing Underwood to enlist in the Corps despite two previous arrests for rape and also upon the fact that Underwood was under investigation for a third rape at the time that Amanda Lee Scott was murdered.

/3 McMasters is precluded from refiling her claim because the statute of limitations has run.

/4 Rule 4(i)(1) provides that service on the United States may be effected:

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney and

   (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States . . . .

Fed. R. Civ. P. 4(i)(1).

/5 Rule 4(i)(3) provides in relevant part:

The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

   (A)  all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States . . . .

Fed. R. Civ. P. 4(i)(3).

/6 Under Rule 4(m), a plaintiff who has failed to effect service within the required 120 day period will be granted an extension "for service for an appropriate period" upon a showing of good cause. Fed. R. Civ. P. 4(m).