**In the Matter of Darwin DELAUGHTER, Valeria May DeLaughter, Debtors.**

No. 01–10639.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

June 11, 2003.

Mark Murphy, Indianapolis, IN, for debtors.

Stephen Downs, Wabash, IN, for claimant.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

On January 28, 2003, the court held a pre-trial conference with regard to debtors' objection to First Federal Savings Bank's proof of claim. At this conference debtors' bankruptcy counsel informed the court that his clients were consulting another attorney where the bank's claim was

concerned and, based upon the advice they were receiving from that attorney, they instructed bankruptcy counsel to file the objection. Although counsel had done so, the other attorney would be handling all aspects of the claim litigation. Since this other attorney did not attend the pre-trial, the scheduled conference could be nothing but unproductive. The court also learned that this attorney had never filed an appearance in the bankruptcy case and that the debtors had never sought the court's authorization for the employment. *See,* 11 U.S.C. §§ 327, 328. *See also,* 11 U.S.C. § 329(a) (requiring any attorney representing debtors in connection with a case to file a disclosure concerning counsel's compensation). All of this prompted the court enter its order of January 31, 2003 indicating that the pre-trial conference would "be reset at debtors' request." The order then went on to provide:

> Any such request must be filed within thirty (30) days *through the attorney who will prosecute the objection,* who must be properly employed, have filed an appearance and *appear* for the pre-trial conference. The failure to request a further pre-trial conference within thirty (30) days will result in the objection being overruled without further notice. (Emphasis original).

On March 4, 2003—the day after the deadline established by the court's order[1]—debtors' new counsel filed a motion asking the court to reset the pre-trial conference. On March 6, 2003, the court denied this motion as untimely and overruled debtors' objection to the bank's claim.

This matter is before the court on debtors' motion for amendment of judgment and for enlargement of time. Arguing excusable neglect, debtors seek relief from the court's order of March 6 pursuant to Bankruptcy Rules 9023 and 9006. In support of the argument, they claim, first, that their new lawyer did not receive a copy of the order of January 31, and, second, that their new lawyer was misinformed by an employee of the clerk's office concerning the filing deadline. Debtors contend these two events justify both their failure to comply with the court's order in a timely manner and a belated one day extension of the deadline. Not surprisingly, First Federal Savings Bank opposes the motion arguing that the delay does not constitute excusable neglect. The court agrees.

Through Bankruptcy Rule 9023, Rule 59(e) of the Federal Rules of Civil Procedure permits a bankruptcy court, in its discretion, to alter or amend its judgments if there is newly-discovered evidence or if there is a manifest error of fact or law. *Matter of Prince,* 85 F.3d 314, 324 (7th Cir.1996). The rule is not, however, a vehicle for a party to undo its own procedural failures. *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996). Bankruptcy Rule 9006(b)(1) gives the court the discretion to belatedly extend a deadline "to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 382, 113 S.Ct. 1489, 1491–92, 123 L.Ed.2d 74 (1993) (quoting Bankruptcy Rule 9006(b)(1)). Ultimately, this "determination is ... an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395, 113 S.Ct. at 1498. Although the concept of what constitutes excusable neglect is "somewhat elastic," generally it does not include "ignorance of the rules, or mis-

---

1. The thirtieth day after January 31, 2003, March 2, 2003, was a Sunday. As a result, the request to reset the pre-trial conference was due Monday, March 3. Fed R. Bankr.P. Rule 9006(a).

takes construing [them]...." *Pioneer,* 507 U.S. at 392, 113 S.Ct. at 1496.

Debtors offer two reasons to justify their failure to comply with the court's order of January 31. First, the court did not serve their new attorney—Mr. Murphy—with a copy of the order. They explain that he did not become aware of the order until sometime later, through correspondence with the debtors. Secondly, in an affidavit, Mr. Murphy states that he called the clerk's office on February 26, 2003 and was told that "if the documents were mailed by Federal Express on Monday March 3, 2003, filing on Tuesday March 4, 2003 would be timely." Either separately or in tandem, the court finds these reasons unavailing.

 The fact that the court did not serve Mr. Murphy with a copy of the order of January 31 should not really be surprising. He did not attend the January 28 pre-trial conference that produced it and was not, at the time, an attorney of record in the case. When the order was issued, it was served upon all counsel of record (as well as the debtors) as of the time it was docketed. Although Mr. Murphy did, coincidentally, file an appearance on the same day the court issued the order giving debtors 30 days to request a rescheduled pre-trail conference, the order was docketed before counsel's appearance. Consequently, at the time the order of January 31 was issued, processed, entered on the docket, and the arrangements made for serving it, counsel's interest in the case was not apparent.

More fundamental than the issue of whether the court should have served Mr. Murphy with a copy of the order of January ary 31, is the basic misperception the argument seems to reveal. It is not the court's responsibility to apprise counsel of what may be going on. Quite to the contrary, counsel "has an independent duty to keep informed and mere failure of the clerk to notify parties that a judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time." *Alaska Limestone Corp. v. Hodel,* 799 F.2d 1409, 1412 (9th Cir.1986). It is counsel's responsibility to monitor the progress of their cases by checking the court's docket. *United States, ex rel. McAllan v. City of New York,* 248 F.3d 48, 53 (2nd Cir.2001); *Williams v. Hatcher,* 890 F.2d 993, 995 (7th Cir.1989); *DeRango v. United States,* 864 F.2d 520, 523 (7th Cir.1988). *See also, Norgaard v. DePuy Orthopaedics, Inc.,* 121 F.3d 1074, 1075 (7th Cir.1997)(ignorance of another court's docket is not excusable neglect). The need to do so is even greater where an appearance is made in the midst of ongoing litigation, when things may have transpired before counsel became involved.

Nothing before the court suggests that Mr. Murphy ever made any effort to check the court's docket after entering his appearance. Had he done so, he would have become aware of the order of January 31 and 30–day time limit for requesting a rescheduled pre-trial conference. The failure to perform this simple task does not constitute excusable neglect.

 Next, debtors claim their delay was justified because Mr. Murphy was told by an employee of the clerk's office that the motion to reset would be deemed timely if it was sent by Federal Express on March 3 and arrived on March 4.[2] This

---

**2.** Although nothing in either the Federal Rules of Bankruptcy Procedure or this court's local rules and procedures remotely corresponds with this advice, *see,* N.D. Ind. L.B.R. B–5005–2(d), *Matter of Thomas,* 1991 WL 119154 (Bankr.N.D.Ind.1991), the court assumes that counsel is accurately relating what he was told. Doing so avoids the unseemly

claim, however, is also unavailing. Reliance on erroneous information given by an employee in the clerk's office does not constitute excusable neglect. *Mirpuri v. ACT Manufacturing, Inc.*, 212 F.3d 624, 631 (1st Cir.2000). *See also, Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994)(not "good cause" under Rule 4); *Davis v. Hutchins*, 321 F.3d 641, 647 (7th Cir.2003) ("Relying on oral representations by a courtroom deputy clerk as to when [an attorney] need[s] to be present for a hearing is an extremely precarious way to conduct one's defense"). This is especially so when, with only a minimal amount of research, counsel could have easily found the correct answer for himself. *See, Gabriel*, 30 F.3d at 77 ("reliance on the advice of a Clerk's office employee cannot excuse ... counsel's failure to do basic research.").

██ This court's local rules answer the very question counsel posed. "In all instances, pleadings, motions and other papers will be marked as filed only upon the actual physical receipt of the documents by the clerk." N.D. Ind. L.B.R. B–5005–2(d). A lawyer who does not read the applicable rules cannot claim excusable neglect. *See, Tuke v. United States*, 76 F.3d 155, 157 (7th Cir.1996). The court has also issued at least one published decision holding that: "Unlike the prevailing state practice, which authorizes filing as of the date of mailing where certified or registered mail is used, filing is not accomplished in federal practice until the pleading or paper in question is delivered to the court." *Matter of Thomas*, 1991 WL 119154 *1 (Bankr. N.D.Ind.1991). Furthermore, this is not some quaint local peculiarity. It is the way federal practice works. *See e.g., Coo-*

*per v. City of Ashland*, 871 F.2d 104, 105 (9th Cir.1989) (when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of them); *Torras Herreria v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir.1986) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline."). Despite the ready availability of this information, counsel apparently made no effort to find it. The resulting ignorance is not excusable neglect. *Pioneer*, 507 U.S. at 392, 113 S.Ct. at 1496.

> The ... courts must manage a bourgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action.... Part of that job means that they are entitled—indeed they must—enforce deadlines. *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996) (citations omitted). *See also, Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996)("The flow of cases through a busy [ ] court is aided, not hindered, by adherence to deadlines.").

The court's order of January 31 clearly apprised the debtors of what the court expected them to do and gave them ample time to fulfill that task. It also, quite specifically, informed them of the consequences should they fail to do so. The explanations for their failure to comply with that order do not constitute excusable neglect. Their new counsel was fully aware the court's order no later than Wednesday, February 26. Given the relatively minimal obligations that order imposed, counsel should have been able to prepare

---

spectacle of subjecting the court's employees to cross examination, in order to resolve factual disputes concerning what they may have told counsel or what kind of answer they would give in response to such a question.

The answer is irrelevant. Counsel's obligations are controlled by the court's orders and the applicable rules of procedure, which the clerk's office has no authority to contravene.

the necessary documents for filing by the very next day, if not that same day. There is no reason that it should have taken until the following Monday to do so. This is especially so given the order's stated consequences of a failure to comply. Rather than being the product of the court's failure to serve its order upon Mr. Murphy or the information he received from the clerk's office, the true cause of the debtors' failure to comply seems to be that counsel waited until the last minute to do so. "When [attorneys] wait until the last minute to comply with a deadline they are playing with fire." *Spears*, 74 F.3d at 157.

Debtors' motion for amendment of judgment and for enlargement of time will be denied. An order doing so will be entered.