**In re James Enrique MONTALVO, Debtor.**

**J. Baxter Schilling, Trustee, Plaintiff,**

**v.**

**Carlos Montalvo, Defendant.**

**Bankruptcy No. 02–32629(1).**
**Adversary No. 04–3081.**

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 17, 2005.

William Stephen Reisz, Louisville, KY, for Debtor.

John Baxter Schilling, Louisville, KY, pro se.

## MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the Court on the Motion for New Trial, to Take Additional Testimony and/or to Amend Findings of Fact and Conclusions of Law of Trustee, J. Baxter Schilling ("Trustee"). The Court reviewed the Trustee's Motion, the Response to Motion for New Trial, to Take Additional Testimony and/or to Amend Findings of Fact and Conclusions of Law of Debtor Jaime Enrique Montalvo ("Debtor") and the Reply to the Response of Debtor by the Trustee. The Court also conducted its own research and considered the arguments of counsel at the hearing held June 28, 2005. For those reasons set forth below, the Court **DENIES** the Trustee's Motion. An Order accompanies this Memorandum–Opinion.

## PROCEDURAL BACKGROUND

On April 28, 2004, Trustee instituted this adversary proceeding against Defendant Carlos Montalvo ("Defendant"), the father of the Debtor. The Trustee sought to avoid transfers of $14,229.99 by Debtor to Defendant pursuant to KRS 378.010, KRS 378.020, 11 U.S.C. § 544(b), 11 U.S.C. § 548(a)(1)(A), 11 U.S.C. § 548(a)(1)(B)(I)-(ii), and 11 U.S.C. § 550(a). The matter was tried to the Court on February 28, 2005. The Court entered its Memorandum–Opinion and Judgment in favor of the Defendant on May 12, 2005. *See,* docket entry, no. 32.

On May 23, 2005, Trustee filed his Motion for New Trial, to Take Additional

Testimony and/or to Amend Findings of Facts and Conclusions of Law. Trustee contends that within days of the entry of the Memorandum–Opinion and Judgment, he received documents in a companion adversary proceeding which demonstrate that Debtor's testimony at trial regarding whether Debtor's parents co-signed a loan in favor of Banco Popular was false. Trustee contends that these documents prove that Debtor's mother, Maria Montalvo, co-signed a Note with Debtor. Trustee contends the Court should add Maria Montalvo as a party defendant and that the Court should enter judgment against Carlos and Maria Montalvo for $19,685.98.

## LEGAL ANALYSIS

Trustee's Motion seeks to reopen this case to grant a new trial, take additional testimony and/or make additional findings of fact and conclusions of law and to add Maria Montalvo as a defendant. Trustee's Motion is made pursuant to Rules 7052, 9006 and 9023 of the Federal Rules of Bankruptcy Procedure. The Trustee's Motion was timely made under the aforementioned Rules because it was filed no later than ten days after entry of the Judgment. The Court, however, finds no merit to the Motion and must deny Trustee's request to reopen the trial.

■ Trustee's request to alter or amend the Judgment is made pursuant to Fed. R. Bankr.P. 9023. The Bankruptcy Court may, in its discretion, alter or amend its judgment if there is newly discovered evidence or if there is a manifest error of fact or law. *In re DeLaughter*, 295 B.R. 317, 319 (Bankr.N.D.Ind.2003). In this instance, Trustee contends his motion is warranted because of newly discovered evidence. That evidence consists of documents he received from Banco Popular in a companion adversary proceeding which establish that Debtor's mother co-signed on

the Note to Banco Popular. Debtor had represented in his Petition that his parents were co-debtors on the Banco Popular loan. He testified at trial that at the time the Petition was drafted, he believed this to be the case. He later, however, could not recall if they were co-obligors on the loan. He tried to determine from Banco Popular if this was correct, but could not discover any corroborating information or documentation from the Bank. Debtor presented all of the documents he received from the Bank at trial, but none of them established that his parents were co-obligors on the loan.

Trustee did not subpoena any documentation on this issue from Banco Popular. Trustee chose, instead, to rely on Debtor's representations in his Petition, a fact that was rebutted by Debtor's testimony at trial. The documents submitted by Trustee in support of the Motion at bar clearly establish that Debtor's mother was a co-obligor on the $60,000 Note in favor of Banco Popular.

■ A three part analysis applies to motions for a new trial based on newly discovered evidence. First, the new evidence must have been discovered after judgment and movant must have been excusably ignorant of the facts at the time of trial despite due diligence. Second, the evidence discovered must be of a nature that would probably change the outcome of the case. Third, the evidence must not be merely cumulative or impeaching. *In re Covino*, 241 B.R. 673, 679 (Bankr.D.Idaho 1999). The evidence submitted by the Trustee does not withstand scrutiny under this three part analysis.

■ The Defendant's counsel at trial examined the Trustee, over the Trustee's objection, as to his discovery efforts undertaken prior to trial. Trustee testified that he did not subpoena records of the Debt-

or's loan from Banco Popular. Trustee eventually obtained these documents from the Bank during discovery in a companion adversary proceeding against Banco Popular. This begs the question as to why Trustee did not get these documents through ordinary discovery tactics in this case prior to trial?

■ The Trustee cannot meet the first element of the test. The Court does not believe the Trustee exercised due diligence in preparing for this case. When the new evidence was available prior to trial and the parties own lack of diligence in conducting discovery caused the party's failure to discover the evidence, the subsequent discovery of the evidence is insufficient grounds for a new trial. *In re Gorman,* 2001 WL 1640064 (D.Minn.2001). *See also, Boryan v. United States,* 884 F.2d 767, 771 (4th Cir.1989) (a movant will not prevail where the evidence was fully discoverable through the exercise of reasonable efforts) and *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (new evidence must be evidence that was not available when the court entered judgment). Rule 9023 does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the trial court prior to judgment. *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995).

The so-called "new evidence" in this case is not sufficient to grant a new trial or for this Court to amend its findings. The Trustee could have easily discovered this evidence prior to trial. As this Court stated in its Memorandum–Opinion, the Trustee could not rely solely on the representations of the Debtor in his Petition to bind a third party. Due diligence required that he conduct discovery to prove his case against the Defendant.

■ The Court also determines that the new evidence does not meet the second part of the three part analysis. The new evidence does not necessarily change the result of this action, which was against Defendant Carlos Montalvo. The new documents do not establish that Carlos Montalvo was a co-obligor on the $60,000 Note. The Trustee contends that the documents prove his case under 11 U.S.C. § 547(b)(1) because Carlos Montalvo need not be a creditor for the transfers to be avoidable and that he only needs to have received a transfer from Debtor which benefitted a creditor. That creditor, Trustee contends, was Maria Montalvo. The case, however, was tried on the theory that Carlos Montalvo was the creditor who benefitted from the transfers. Trustee did not prove this claim and the new documents do not change this finding.

Finally, Trustee contends that Maria Montalvo should be added as a defendant and judgment be entered against her "in order to conform the pleadings to the now known truth." There are several reasons why the Court must deny this request.

■ It is well established that the fundamental elements of procedural due process are notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Yellow Freight System, Inc. v. Martin,* 954 F.2d 353 (6th Cir.1992). Normally, courts will allow the pleadings to conform to the evidence where issues not raised by the pleadings are tried by express or implied consent of the parties. Those issues are then treated in all respects as if they had been raised in the pleadings. *Liberty Mut. Ins. Co. v. Leroy Holding Co., Inc.,* 226 B.R. 746, 757 (N.D.N.Y.1998). Certainly Maria Montalvo's due process rights would be violated by allowing an amendment to have her named as a party defen-

dant and judgment entered against her without having had an opportunity to be heard on the claim and raise appropriate defenses.

A Rule 9023 motion is not appropriate merely to let the losing party supplement the evidentiary record that was before the court. *In re Corky Foods Corp.,* 91 B.R. 998, 999 (Bankr.S.D.Fla. 1988). The determination of a motion to amend a judgment to conform to the evidence is committed to the sound discretion of the trial court. *Vermont Plastics, Inc. v. Brine, Inc.,* 79 F.3d 272 (2d Cir.1996). In the matter before the Court, it would be an abuse of discretion to reopen this adversary proceeding to allow the Trustee to submit evidence that was available to him prior to trial. Likewise, it would be an abuse of discretion to allow the pleadings to be amended after the trial to add a new party and summarily enter judgment against that party. Accordingly, the Trustee's Motion is **DENIED**.

### CONCLUSION

For all of the above reasons, the Motion for New Trial, to Take Additional Testimony and/or to Amend Findings of Fact and Conclusions of Law of Trustee, J. Baxter Schilling is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum–Opinion.