Jaime A. **CARVAJAL,** Plaintiff,

v.

**DRUG ENFORCEMENT AGENCY et al.,** Defendants.

**Civil Action No. 06–2265 (RMU).**

United States District Court, District of Columbia.

Dec. 3, 2007.

Jaime A. Carvajal, Seagoville, TX, pro se.

Beverly Maria Russell, U.S. Attorney's Office for D.C., Washington, DC, for Defendants.

## MEMORANDUM ORDER

RICARDO M. URBINA, District Judge.

DENYING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; GRANTING AN EXTENSION OF TIME FOR SERVICE OF PROCESS.

### I. INTRODUCTION

The *pro se* plaintiff, Jaime Carvajal, seeks an entry of a default judgment against the defendants, various federal agencies, vindicating his suit under the Freedom of Information Act for records he alleges the defendants have improperly withheld. The defendants oppose such an entry, asserting that the plaintiff has not properly effectuated service and that, even if he had, default judgment may not be entered against the United States absent an independent factual showing of a meritorious claim. Because the plaintiff cannot ef-

fectively challenge the government's propositions, the court denies his motion.

### II. DISCUSSION

The plaintiff filed a complaint on December 29, 2006, alleging succinctly and without further elaboration that "records/information he is legally entitled to view/possess and have provided to him upon request under the F.O.I.A. is [sic] being improperly refused/withheld from him without just cause by the named defendants." Compl. at 2. The plaintiff asserts that all seven of the identified defendants received service by January 22, 2007, attaching as proof thereof seven certified mail receipts—each addressed to the U.S. Attorney General at 950 Pennsylvania Ave., N.W., Washington, D.C. 20530 and differing only by a particular defendant's name (e.g., "Federal Bureau of Investigation") above the street address. Pl.'s Mot. for Default J. at 1, Ex. B.[1] Because the defendants have not responded within 30 days, the plaintiff claims the day is his and a default judgment must be granted. *Id.* at 1–2.

■ The defendants do not contest that they have 30 days to respond to a properly served FOIA complaint. Defs.' Opp'n at 1–2; 5 U.S.C. § 552(a)(4)(C). They simply contest the validity of service in the first place, citing the unique multiple service requirements for complaints involving the federal government as detailed in Federal Rule of Civil Procedure 4(i). *Id.* at 2. To accomplish service on the United States, Rule 4(i) requires the delivery of a copy of the summons and complaint to each of the following: (1) the United States Attorney for the district in which the action is brought or a designated Assistant United States Attorney or process clerk; (2) the Attorney General of the United States; and (3) the appropriate officer or agency of the United States when such person or entity is named as a defendant. FED.R.CIV.P. 4(i).

■ Here, the plaintiff did not serve the U.S. Attorney for D.C., nor did he serve the individual agencies themselves at their proper addresses. Service is to be completed

---

1. The court notes that the plaintiff has adduced only six *signed* return-receipts, one of which indi- cates a delivery date of January 23, 2007. Pl.'s Mot. for Default J., Ex. B.

within 120 days of the filing of a complaint. FED.R.CIV.P. 4(m). That deadline has long since passed. Thus, not only must the court deny the motion for a default judgment,[2] it must dismiss the complaint unless an extension may be granted for the plaintiff to cure service. *See* FED.R.CIV.P. 4(i)(3).

A court may give a plaintiff a reasonable amount of time to cure service, if the plaintiff has already accomplished service on either the relevant U.S. Attorney or the U.S. Attorney General. *Id.; McMasters v. United States,* 260 F.3d 814, 817–18 (7th Cir.2001). The government claims that the plaintiff failed to properly serve either the U.S. Attorney or the U.S. Attorney General. Defs.' Opp'n at 2. But the plaintiff has submitted a signed return receipt that reads: "Alberto Gonzales, U.S. Atty. Gen., 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530." And this is the address to which the Department of Justice indicates correspondence to the Attorney General should be mailed. U.S. Dep't of Justice Contact Page, http://www.usdoj.gov/contact-us.html. Therefore, absent further evidence of the insufficiency of service on the Attorney General, the court declines to dismiss the complaint, provided that within 60 days the plaintiff effectuates service on the remaining required parties.

Accordingly, it is this 3rd day of December, 2007, hereby

**ORDERED** that the plaintiff's motion for default judgment is **DENIED;** and it is

**FURTHER ORDERED** that the plaintiff will perfect service on the U.S. Attorney for D.C. and the agency defendants by February 3, 2008 or the plaintiff's complaint will be dismissed;

**SO ORDERED.**

---

**2.** Even if the deadline for service had not expired, the plaintiff's motion would be denied for failure to comply with the two-step process provided in Federal Rule of Civil Procedure 55 whereby a plaintiff first seeks an entry of default from the Clerk of the court, then a default judgment from the court itself. FED.R.CIV.P. 55; *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986);

*Meehan v. Snow,* 652 F.2d 274, 276 (2d Cir. 1981). By ignoring this path, the plaintiff recklessly shortcuts the defendant's procedural protections. *Meehan,* 652 F.2d at 276 (noting that "pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside").