**In the Matter of Donald Dwayne LARSON and Donna Gail Larson, Debtors.**

**MARK TWAIN KANSAS CITY BANK, Plaintiff,**

v.

**Donald Dwayne LARSON, Defendant.**

Bankruptcy No. 85–04178–3.

Adv. No. 86–0085–3.

United States Bankruptcy Court, W.D. Missouri, W.D.

June 13, 1986.

Robert A. Kumin, P.C., Kansas City, Mo., for plaintiff.

William F. Burns, Independence, Mo., for defendant.

FINAL JUDGMENT DISMISSING ADVERSARY ACTION WITHOUT PREJUDICE TO REINSTATEMENT, WITHOUT PAYMENT OF ANY FURTHER FILING FEE, FOR DETERMINATION OF DISCHARGEABILITY *VEL NON* IF AND WHEN ANY STATE COURT JUDGMENT IS RECOVERED AND ORDER ACCORDINGLY GRANTING PLAINTIFF RELIEF FROM THE AUTOMATIC STAY TO PROSECUTE THE STATE COURT ACTION

DENNIS J. STEWART, Chief Judge.

On March 6, 1986, the plaintiff filed its "complaint under section 523(a)(2)(B)" seeking an underlying judgment in the sum of $8,610.93 plus interest and $3,031.67 plus interest on the grounds that the obligations were as yet unpaid. For the same reasons, the plaintiff sought a decree of nondischargeability of the debts thus contended to be due on the grounds that they were incurred by fraud or false pretenses within the meaning of section 523(a)(2) of the Bankruptcy Code. On March 7, 1986, the day of the issuance of summons for service on defendant, the plaintiff served a request for production of documents on the defendant. More than 30 days later, this court issued its order directing the parties to show cause why the underlying claim, a claim "on the debt" arising under state law

within the meaning of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), should not be tried in a state court of competent jurisdiction. The court recognized that a determination of dischargeability *vel non* under section 523(a)(2) is within the exclusive jurisdiction of the bankruptcy court, but also recognized that the underlying claim is *not* within the exclusive jurisdiction of the bankruptcy court. Therefore, under the doctrine that a bankruptcy court may always exercise its discretion to require cases to be tried in a state court, even if within the jurisdiction of the bankruptcy court, see *In re Axton,* 641 F.2d 1262, 1273 (9th Cir.1981), the court proposed permitting the underlying claim to be reduced to judgment in the state court— primarily to obviate any potential jurisdictional issues under *Marathon, supra.* Then, under the doctrine of *Brown v. Felsen,* 442 U.S. 127, 139, n. 10, 99 S.Ct. 2205, 2213, n. 10, 60 L.Ed.2d 767 (1979), and *In re Mountjoy,* 368 F.Supp. 1087, 1096 (W.D. Mo.1973), the dischargeability *vel non* determination might conceivably be made by the bankruptcy court on the basis of the state court record.

The plaintiff, however, objected to the proposed remission of the underlying action "on the debt" to the state court. Since the plaintiff is ordinarily permitted initially to choose its forum if more than one court has jurisdiction, and plaintiff appeared willing to brook the possible jurisdictional defect in the bankruptcy court, this court entered its order on May 22, 1986, setting the hearing of the merits of the action for June 2, 1986, at 2 p.m. Four days prior to the scheduled hearing, the plaintiff filed a written "motion for trial continuance" stating that the request for production of documents had not been responded to; that "(w)hen settlement discussions appeared to be breaking down, the undersigned wrote to Defendant's attorney on April 22, 1986 requesting production on or before April 30, 1986"; that "(i)n response thereto, on or about May 9, 1986, Defendant responded to the Request for Production by claiming that all of the documents sought were in the hands of the Trustee"; that "a letter dated May 23, 1986, from the Trustee, John R. Stonitsch, which states that he only has in his possession a few cancelled checks and has none of the other documents sought in the Request for Production of Documents" was received; that "it is going to be necessary that the undersigned, on behalf of Plaintiff, file a motion to compel the production of documents"; that "if and when such documents are produced and the undersigned has had an opportunity to review same ... a deposition of the Defendant will be required"; that "it is respectfully submitted that this case is not ready for trial and will not be ready for trial for at least 30 to 45 days"; and that a continuance is therefore "pray(ed)."

The local rules which are currently in effect in this court and which apply to this action [1] require that a motion for continuance be filed with the court *at least* five days "before" the date of the hearing which has been scheduled and also provide that "(a) party failing to attend a scheduled hearing before the court grants a continuance takes the risk that the court may determine the merits of the matter scheduled for hearing on any evidence which is adduced or failed to be adduced at the scheduled hearing." Nevertheless, neither of the parties appeared for the scheduled hearing in this case, even though the motion for continuance was untimely and even though the court has not granted any continuance prior to the hearing. The court is thus left with the power under the general law and the local rules to make the appropriate orders.

Under such circumstances, when the parties fail to prosecute the proceedings before the bankruptcy court, it has been held that a dismissal in favor of state court litigation is proper. The district court has sustained such a dismissal in *Sur-Gro Plant Food Company, Inc. v. Rebel,* Civil

---

1. The new local rules became effective June 1, 1986, to all cases previously pending and filed thereafter. But, even without the rules, the principles applied in this case are of common applicability. See *Sur-Gro Plant Food Company, Inc. v. Rebel,* Civil Action No. 85–6191–CV–SJ–6 (W.D.Mo. Mar. 17, 1986).

Action No. 85–6191–CV–SJ–6 (W.D.Mo. March 17, 1986), in which it was observed that "(s)ome deference is owed to the bankruptcy court's discretionary dismissal here since (the bankruptcy judge) necessarily has a better understanding ... of the pressures of his own docket and of the legitimacy of the excuses offered by appellant for its requests for continuances. It should be noted that the dismissal order was tempered by the opportunity granted to appellant to return to bankruptcy court (without prepayment of filing fee) to seek the nondischargeability order if it could first obtain a state court judgment." In this action, the court has awaited more than a week for the filing of the motion to compel discovery, one which is more than two months overdue and should have been filed when the discovery requests of March 7, 1986, were not responded to in the time required by the rules of civil procedure. Further, even now, it is not proposed by the plaintiff—or the defendant—that a definite discovery schedule be placed in effect with a time certain for trial at the end of it, but only that the court allow "at least" 30 to 45 days, at the discretion of the parties, before another trial is set. The court is apparently to satisfy itself with permitting the parties to dictate a continuance for an indefinite period of time.

Under such circumstances, in *Sur-Gro Plant Food Company, Inc. v. Rebel, supra,* the bankruptcy court, as a measure necessary or desirable to control its own docket, deemed trial and determination of the underlying claim in the state court to be preferable to an indefinite continuance. And in that case, the plaintiff had not, as here, simply filed a motion and then declined to attend the hearing as if the motion were to be automatically granted by the bankruptcy court. But, as this court has previously stated in *Matter of Reynolds,* Adversary Action No. 86–0116–SJ–11 (Bkrtcy.W.D.Mo. June 4, 1986), "(i)t seems patronizing of others to have to say that it is the court alone which has the power to grant or deny a continuance ... 'It is a general rule that the granting or refusing of a motion for continuance is wholly or

largely within the sound discretion of the court.' 17 C.J.S. *Continuances* sec. 5, p. 375 (West 1963).... Nor does this court propose to discipline or chastise counsel in this regard ... (T)his court's chief concern is the expedition of the business before it." Without the firm application of these principles, "as the authorities unanimously recognize, courts cannot expect to cope with the large and unwieldly case loads which are of the magnitude of the case load which is currently imposed upon the bankruptcy court in this district and elsewhere." *Id.*

It is therefore, for the foregoing reasons,

ADJUDGED that the within adversary action be, and it is hereby, dismissed without prejudice to its reinstatement, without payment of any further filing fee, for determination of dischargeability *vel non* if and when any state court judgment is recovered. It is further, accordingly,

ORDERED that the plaintiff be, and it is hereby, granted relief from the automatic stay for the purpose of prosecuting the state court action.