**In re Margie BROWN, Debtor.**

**No. 01 B 37744.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Jan. 24, 2005.

Karris Bilal, The Bilal Law Firm, Warrenville, IL, for Plaintiff.

Berton J. Maley, Codilis & Associates, P.C., Darien, IL, for Defendant.

Tom Vaughn, Chicago, IL, Trustee.

### MEMORANDUM OPINION FIXING RULE 9011 SANCTIONS AGAINST EMC MORTGAGE

JACK B. SCHMETTERER,
Bankruptcy Judge.

### PROCEDURAL HISTORY

This opinion illustrates the difficulties faced by a secured creditor that pleads falsely, and debtor's counsel who does not seek redress properly under Rule 9011 Fed.R.Bankr.P.

The matter discussed herein relates to a Chapter 13 Bankruptcy case filed by Margie Brown ("Debtor"). The issue arose when creditor EMC Mortgage Corporation ("EMC") moved under 11 U.S.C. § 362 to modify the automatic stay and for permission to foreclose the mortgage on Debtor's home. That motion was filed on February 10, 2004 and presented in open court on February 19, 2004, before Bankruptcy Judge Susan Pierson Sonderby to whom this Bankruptcy case is assigned. That motion alleged *inter alia* that Debtor was three months in arrearage on mortgage payments due post bankruptcy. Debtor through her counsel asserted before Judge Sonderby that she was current on all pay-

ments due on the mortgage, and moved for sanctions for false allegations. Judge Sonderby ordered EMC to produce its records of payments and alleged delinquencies. The motion to modify stay was denied without prejudice on March 18, 2004, and Debtor's motion for sanctions was also denied without prejudice on April 8, 2004.

Debtor moved again for sanctions by motion filed April 19, 2004, assertedly for false pleading in the EMC stay motion, and EMC filed a motion for sanctions on June 22, 2004. Judge Sonderby reassigned those motions and all related issues to the undersigned with consent of the Chief Bankruptcy Judge because of her heavy caseload at the time.

The EMC sanction motion was withdrawn, but its objection to Debtor's sanction motion was sustained because Debtor's counsel had failed to comply with the so-called "safe harbor" notice required by Rule 9011(c)(1)(A) Fed.R.Bankr.P.[1] That Rule requires service of the sanctions motion on the other party as a warning at least 21 days before the motion is filed or presented, or such longer or shorter period prescribed by the court. The purpose is to allow the offending pleading to be withdrawn by the pleader, thus preventing sanctions from being imposed on that pleader. In proceedings to modify stay, Congress has mandated that at least the initial hearing must be held within thirty

---

1. Fed. R. Bank. P. 9011(c)(1)(A) provides in pertinent part:

"The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)."

The "except" clause applies to the filing of a bankruptcy petition and excepts the filing of that petition from its provisions. *In re McNichols,* 258 B.R. 892, 902 (Bankr.N.D.Ill. 2001); *see also Dressler v. The Seeley Co. (In re Silberkraus),* 336 F.3d 864, 868 (9th Cir. 2003) ("The clear import of this language is that the mandatory 21 day safe harbor rule does not apply to the filing of the initial [bankruptcy] petition.") *See also 9 Collier on Bankruptcy* at P 9011.060 (15th ed. rev.2003).

days after the motion is presented 11 U.S.C § 362(e). Should Debtor's counsel have sought to claim sanctions based on the EMC motion before doing work to prepare for the early hearing thus mandated, that counsel was entitled to ask the bankruptcy judge to shorten the 21 days warning period, then comply with the safe harbor rule in the shortened period by serving the motion, and finally file and present a sanction motion after the shortened warning period had expired. Debtor's counsel did none of that, so his sanction motion was necessarily dismissed.

However, because the issue of false pleading is of considerable importance to the court as well as debtors in Chapter 13, the Court exercised discretion under Rule 9011(c)(1)(B) Fed.R.Bankr.P. to initiate a hearing on whether or not the creditor had pleaded falsely, and if so whether a sanction should be imposed.

Evidence was taken in a long and hotly contested hearing. Afterwards it was found (as earlier announced in detail by remarks from the bench), based both on the creditor's own records and those of Debtor, that the original allegation by EMC that Debtor was three months in arrearage of post bankruptcy mortgage payments was false, and that in fact she was current in her mortgage payments when that motion was filed. Accordingly, pursuant to Rule 9011(c)(1)(B) Fed. R.Bankr.P. The Court ordered EMC and its counsel to "show cause" why either or both of them had not violated Rule 9011(b)(3) and if so why they should not be sanctioned for false pleading.

Following hearing thereon, it was found and held (for reasons again earlier stated in detail from the bench) that EMC counsel was justified in relying on its client's communication to it that misrepresented the facts, and therefore counsel should not be sanctioned. However, it was also held that because EMC was responsible for the false allegations in its motion to modify stay, it should be sanctioned for violation of Rule 9011(b)(3) Fed.R.Bankr.P.

The issue remaining is the nature of sanction to be imposed.

### HEARING ON SANCTIONS

Counsel for Debtor submitted time records and requested for sanctions amounting to $28,999 based on his work in defending against the false motion and establishing the falsity by evidence both from EMC's records and those of Debtor. Many of his activities were contested for various reasons by EMC counsel, and Debtor's counsel testified with respect to them. Some of the EMC objections to various tasks had merit. However, because those fees cannot under Circuit authority be allowed in a sanctions proceeding initiated as here by the judge, such objections are not relevant.

Debtor's counsel argued that his reasonable and necessary fees should be the measure of sanctions to be awarded, and that he should be awarded those fees. He separately argued that the harm to his client because of need to employ counsel, and also the potential harm to debtors generally from false pleading on a motion to modify stay was so great that a monetary sanction should be awarded to deter similar carelessness and error by EMC and other secured creditors. The latter argument is approved below.

Based on the foregoing record and hearing, the Court now makes and enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The hearing under Rule 9011 Fed. R.Bankr.P. was brought by the Court after Debtor's motion was necessarily dismissed

for failure to comply with the "safe harbor" provision. Based on Seventh Circuit authority cited below, it would be an abuse of discretion to award attorney's fees to Debtor's counsel as a sanction in a court initiated proceeding under Bankruptcy Rule 9011, and if a monetary sanction is to be awarded it must be based on other grounds. Accordingly, while Debtor's counsel did hard and admirable work, he must look to his own client for payment on application to this Court for fees in the Chapter 13 proceeding.

As discussed below a sanction could be measured by damages to the Debtor, but in this case while the motion to modify stay was dismissed without prejudice, and could have been revived, it was not reinstated. Therefore EMC did not succeed in taking away Debtor's home. While under 11 U.S.C. § 362(h) "damages" is defined as including attorneys' fees, in the light of Circuit authority cited below that forbids fee allowance as a sanction under Rule 9011 when as here the Rule 9011 process is initiated by the Court, the definition in § 362(h) has no application here.

However, there is an urgent need for an appropriate sanction to be entered in order to deter EMC and other secured creditors from careless record keeping and giving of false information to their counsel when seeking modification of stay so they can foreclose on homes or seize family autos or other property related to family life. The automatic stay in bankruptcy is often the only protection debtors have against loss of their homes and property. The consequences of falsely pleading that payments are past due when the payments have actually been made nullify that protection and can be most cruel to debtors and their families. Not all debtors keep complete payment records. When a dispute arises, debtor's counsel often must exert great and expensive effort to demonstrate the falsity of a creditor's allegations, the very type of effort required here. Given the legal cost of such efforts, debtors and their counsel often compromise the debt and permit the secured creditor to add the expenses of litigation to the debt.

If the false pleading is believed by the Court and not disproved by the debtor, there follows mortgage foreclosure and loss of family home, or loss of car needed to drive to work and maintain employment, or loss of refrigerator or furniture needed for daily life.

 So false pleadings may lead to destruction of family life. Even though that did not happen here, the potential for harm from false pleadings is so great that a sanction for it must be severe enough to get the attention of this and similar creditors and deter the type of carelessness that bought it about in this case. Authority discussed below shows that the amount of a monetary sanction must be within the ability of creditor to pay, but large enough to deter repetition of such conduct. EMC is a major secured creditor in the mortgage market, and is well able to pay a sanction of $10,000. That amount is large enough in this case to get its attention and deter further similar conduct, particularly when coupled in the sanction order with requirement that this Opinion be delivered by EMC counsel to its executive officers, and the prohibition against EMC charging litigation expenses related to these matters to Debtor's account absent court permission. A much larger monetary sanction has not been entered because this is the first time EMC is known to have been guilty of false pleading.

In light of the foregoing history and considerations, it is found that a sanction of $10,000 is necessary and appropriate to deter careless false pleading by EMC in the course of moving to modify stay in a Chapter 13 bankruptcy case. Should this

or other secured creditors not be deterred by that amount, future sanctions will be substantially larger. While the Debtor was not financially harmed except through need to employ her counsel, she was wrongfully intimidated and threatened by the attempt to foreclose on her home, and her fee obligations to her bankruptcy counsel have been greatly increased. Therefore, the monetary sanction will be entered for payment to the Chapter 13 Trustee in this case and for her benefit, and judgment for that sanction is separately entered in her favor.

Facts stated in the Conclusions of Law will stand as additional Findings of Fact.

### CONCLUSIONS OF LAW

■ A court may impose monetary sanctions on attorneys, law firms or parties who violate or are responsible for a violation of Rule 9011. *Collier on Bankruptcy*, § 9011.09 (15th ed. rev.2004). However, the court's discretion in this area is not unlimited. Any sanction must fit the inappropriate conduct. *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir.1994) (quoting *Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1439 (7th Cir.1987)).

■ In determining the amount of the sanction, a court may consider not only the sanctionable conduct, but also the offending party's ability to pay. *See Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986) (holding that a court may consider the sanctioned party's assets and collecting cases). The test is one of reasonableness and equitable considerations are weighed in fashioning an award. *See Matter of Yagman*, 796 F.2d 1165, 1188 (9th Cir. 1986) (Court may consider the expense and delay of litigation); *Brown*, 830 F.2d at 1429 (Court may consider the "experience of the lawyer, and whether the area of law was one that required special expertise.")

■ In this case, when the Debtor's sanction motion failed, the Court acted *sua sponte* under Rule 9011(a)(1)(B) because of the importance of the automatic stay in bankruptcy cases. If the sanction is imposed on the court's own motion, attorney fees cannot be awarded. *Methode Electronics, Inc. v. Adam Technologies, et al.*, 371 F.3d 923, 926–7 (7th Cir.2004); *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1030 (7th Cir.1999) holding that since Rule 11(c)(2) "allows the imposition of attorneys' fees against a party only if the sanctions were initiated by motion." Those cases hold that it would be an abuse of discretion for a judge to impose attorney's fees as sanctions when the judge initiates the hearing under Rule 11 Fed.R.Civ.P. Therefore, under Circuit authority, discretion is lacking here to award a sanction consisting of attorney's fees to prevailing counsel.

■ Moreover, a judge acting *sua sponte* may not impose a monetary sanction unless the "show cause" order is issued before claims in issue are withdrawn or settled. Rule 9011(c)(2)(B). The EMC motion was only stricken without prejudice, not withdrawn or settled. The court's inquiry into allegations of false pleading was defended vigorously, no confession of error was filed, and a "show cause" order was entered, so that provision does not apply.

In reviewing a sanction under Rule 11 Fed.R.Civ.P., a Seventh Circuit panel indicated that in "cases involving substantial awards" of sanction, the trial judge should both specify the reasons for sanctions and quantify them "with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." *Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429 (7th Cir.1987). However, "[t]he specific findings requirement would not be appro-

priate when the imposition of modest sanction is solely for the purpose of deterrence," *Id.*, citing *Ordower v. Feldman,* 826 F.2d 1569 (7th Cir.1987).

The trial court should also weigh "equitable considerations," such as the sanctioned party's assets (here substantial), whether the party seeking fees caused the litigation to be longer than necessary (found here not to be so), and need for experienced counsel to resist the offending pleading (found here to be essential). *Brown Id.*

Given that fees may not be directly awarded to Debtor's attorney in this case, it is difficult to quantify an appropriate award. What amount will be just enough to deter EMC and others from careless mistakes that lead to false pleading? At what dollar sanction will the company executives take a hand and order more careful procedures?

When a company like EMC administers millions of dollars in mortgages every day, it is all too easy to pay a $10,000 sanction as a cost of doing business, and there is no way of selecting a specific amount that will necessarily deter.

However, the $10,000 will at least serve as a strong symbol, particularly when coupled with part of the sanction order that requires EMC counsel to furnish a copy of this Opinion to the President, and Chief Executive Officers of EMC and file proof of such service and another part barring the charging of Debtor's account with litigation expenses incurred here. A further sanction ordered now will prevent EMC from adding on to the Debtor's mortgage the cost of its flawed motion and defense efforts to avoid being sanctioned, and that too represents a deterrence; false pleading must not be followed by laying expense of the falsity on the back of debtor in financial distress.

In this case, it turned out that carelessness by EMC in dealing with the transition of its records from pre-bankruptcy to post-bankruptcy status explained its pleading error. But sophisticated secured creditors must keep accurate records concerning debtor payments. In these days of modern computers, they can hardly be expected to do otherwise.

EMC is a major financial company, and is clearly able to pay a $10,000 sanction. Therefore, should it disobey the Court's order and fail to pay within the time fixed, jurisdiction is being retained to add a sanction for such disobedience to cover further legal work necessary to collect the $10,000.

### *CONCLUSION*

It is vital that bankruptcy judges be able to expect secured creditors to present truthful information on motions to modify stay in Chapter 13 cases when they seek foreclosure of the homes and autos of debtors. The consequences to debtors of false pleading are dire, including expenses to defend and even the loss of the vehicle or home with consequent destruction of income, residence rights, and family life. Even if such false pleading is the product of careless mistake rather than evil intent, it cannot be tolerated.

By separate judgment order a sanction is imposed against EMC Mortgage Corporation in the amount of $10,000 in favor of and to be paid to the Debtor. The order provides that execution will issue on the judgment if it is not paid within 21 days, and that jurisdiction is reserved to impose an additional sanction for disobedience of the Court order should it be necessary for Debtor to seek collection of the sanction by further efforts and expensive legal steps.

As further sanction, the order bars EMC from adding any cost, fees, or expenses relating to the false motion to modify stay or resistance by Debtor thereto, to

defense of Debtor's motion for sanctions or prosecution of its own motions related thereto, or to the hearing under Rule 9011(a)(1)(B) ordered by the Court, or any other matters discussed herein unless EMC comes first to this Court for permission on notice and motion. Further, counsel for EMC is ordered to serve copies of the Opinion on the President and Chief Executive Officer of EMC so that these officers will earn of the mistakes and have an opportunity to order corrections in procedures so that such mistakes may be avoided in the future.