IN RE: Joseph J. MOCELLA and Kimberly A. Mocella, Debtors.

**CASE NUMBER 10–42287**

United States Bankruptcy Court, N.D. Ohio.

Signed 11/03/2015

Philip D. Zuzolo, Zuzolo Law Offices, LLC, Niles, OH, for Debtors.

## OPINION REGARDING NATIONSTAR MORTGAGE LLC'S MOTION TO WITHDRAW ITS MOTION FOR RELIEF FROM STAY (DOC. 88)

Kay Woods, United States Bankruptcy Judge

Before the Court is Nationstar Mortgage LLC's Motion to Withdraw its Motion for Relief from Stay ("Motion to Withdraw") (Doc. 151) filed by Nationstar Mortgage LLC ("Nationstar") on Friday, October 30, 2015 at 4:50 p.m. Nationstar seeks Court approval to withdraw Motion of Nationstar Mortgage LLC for Relief from Stay (First Mortgage) ("Third Motion for Relief") (Doc. 88), which Nationstar had filed on February 12, 2015. Along with the Motion to Withdraw, Nationstar filed Nationstar Mortgage LLC's Request for Expedited Hearing with Respect to the Motion to Withdraw its Motion for Relief from Stay (Doc. 152), in which it requested the Court (i) to set the Motion to Withdraw for an expedited hearing to be held prior to the November 3, 2015 evidentiary hearing on the Third Motion for Relief; and (ii) to permit the parties to appear at the expedited hearing telephonically.

On November 2, 2015, the Court entered Order Granting, in Part, and Denying, in Part, Request for Expedited Hearing (Doc. 153), in which the Court scheduled a hearing on the Motion to Withdraw for Novem-ber 3, 2015 immediately prior to any evidentiary hearing on the Third Motion for Relief. The Court held the hearing on the Motion to Withdraw, at which appeared (i) Jeremy M. Campana, Esq. for Nationstar; and (ii) Philip D. Zuzolo, Esq. for Debtors Joseph J. Mocella and Kimberly A. Mocella ("Debtors").

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and General Order Nos. 84 and 2012–7 entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

Some background may help in understanding the current Motion to Withdraw. On February 12, 2015, Nationstar filed the Third Motion for Relief, in which Nationstar sought, for the third time, relief from stay regarding the Debtors' principal residence. Nationstar had previously filed: (i) Motion of Nationstar Mortgage, LLC for Relief from Stay (Doc. 29) on November 1, 2010, which was withdrawn by Notice of Withdrawal of Motion for Relief from Stay (Doc. 33) on December 15, 2010; and (ii) Motion of Nationstar Mortgage, LLC for Relief from Stay ("Second Motion for Relief") (Doc. 46) on January 19, 2012, which was denied by Order Denying Nationstar Mortgage's Motion for Relief from Stay (Doc. 59) on June 5, 2012.

On March 12, 2015, the Debtors opposed the Third Motion for Relief by filing Debtors' Response in Opposition to Motion for Relief from Stay (Doc. 90). Hence, the Third Motion for Relief (i) has been responded to; (ii) has been pending for more than eight months; and (iii) was set for an evidentiary hearing—i.e., a trial—to be held on Tuesday, November 3, 2015, which

is one business day after the Motion to Withdraw was filed.

In essence, the Motion to Withdraw is equivalent to a motion to dismiss. Federal Rule of Bankruptcy Procedure 9014 deals with contested matters, such as the Third Motion for Relief. Rule 9014 provides, "(c) APPLICATION OF PART VII RULES. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: ... 7041 ..." Fed. R. Bankr. P. 9014(c) (2015). Federal Rule of Bankruptcy Procedure 7041, entitled Dismissal of Adversary Proceedings, provides, "Fed.R.Civ.P. 41 applies in adversary proceedings...." FED. R. BANKR. P. 7041 (2015). Federal Rule of Civil Procedure 41, which is entitled Dismissal of Actions, provides:

(a) Voluntary Dismissal.

(1) By the Plaintiff.

(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

\* \* \*

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a) (2015).

In this case, as Nationstar recognizes, Nationstar cannot simply withdraw the Third Motion for Relief because the Debtors have filed a response opposing the relief sought. Nationstar requires an order of the Court to withdraw the Third Motion for Relief. The Court has discretion whether to enter an order permitting the withdrawal of the Third Motion for Relief and such order must be "on terms that the court considers proper." (*Id.*) Whether Nationstar is entitled to relief from stay regarding the Debtors' residence has been a contentious issue that has generated many pleadings and hearings in this case. The Third Motion for Relief, which has been pending for more than eight months, has been highly contentious—including the fact that Nationstar filed the Third Motion for Relief more than two and one-half years after the Second Motion for Relief was denied without addressing any of the issues that had been raised in connection with the Second Motion for Relief. Indeed, because of the many contested issues, this matter was set for evidentiary hearing more than three months ago when the Court entered Order Setting Evidentiary Hearing (Doc. 126) on July 24, 2015.

Nationstar's stated reason for withdrawal is ambiguous, at best. Nationstar asserts, "Nationstar agrees to implement a loan modification containing the same or better terms that would have been offered based on the August 2011 TPP Letter." (Mot. to Withdraw ¶ 4.) Nationstar then postulates, "As a result, there is no longer a basis for relief from stay and Nationstar respectfully requests that the Court permit the [Third] Motion [for Relief] to be withdrawn." (*Id.* ¶ 5.)

Nationstar' Motion to Withdraw is silent about whether Nationstar discussed the proposed resolution with the Debtors' counsel and, if so, when the discussion occurred and what response or reaction Nationstar received. The Motion to Withdraw does not address one of the core issues asserted by the Debtors in opposition to relief from stay—i.e., whether Nationstar was entitled to bring any motion for relief from stay because, as the Debtors assert, the loan had been modified and the Debtors were in compliance with the modified loan. Nationstar merely states that it "agrees to implement a loan modification," but fails to address, among other things, when the proffered loan modification would be deemed effective and/or how Nationstar intends to treat receipt of all payments from the Debtors since August 2011.

In *In re Martin,* 350 B.R. 812 (Bankr. N.D.Ind.2006), the bankruptcy court was confronted with a situation similar to the one currently before this Court, although in a different context. In *Martin,* a week after the chapter 7 trustee filed a motion to sell real property, Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion for relief from stay regarding the same property. The trustee promptly objected to the motion for relief from stay and the matter was set for trial. At 5:00 p.m. the day before the scheduled trial, Wells Fargo filed a withdrawal of its motion. The trustee did not join in the requested withdrawal. The court held the trial, as scheduled, at which Wells Fargo did not appear. As a consequence, the court denied Wells Fargo's motion to withdraw and motion for relief from stay. The court then entered an order directing counsel for Wells Fargo to appear and show cause why she should not be required to pay the trustee's attorney fees. In considering whether to impose sanctions under Federal Rule of Bankruptcy Procedure 9011, the court stated:

To some extent, it brings to mind Rule 41(a) which is titled "Voluntary Dismissal." If a dismissal is by stipulation of the parties or is sought before a filing has been responded to, it is automatic. Fed. R. Civ. Pro. [sic] Rule 41(a). Anything else requires an order from the court. Fed. R. Civ. P. Rule 41(a)(2).... Consequently, unless the dismissal is automatic, whether as a matter of right or by agreement of the parties, a motion to dismiss must be filed under circumstances which will allow it to be properly considered in accordance with the court's local rules and procedures; to unilaterally file a motion to dismiss on the eve of trial will not suffice. This court's local rules contemplate that opposing counsel will have at least thirty days to respond to such a motion.... *As a result, Wells Fargo's motion to dismiss not only was not but could not possibly have been granted before the hearing at which the court was to consider its motion for relief from stay.*

*Id.* at 819–20 (emphasis added).

Similarly, the Local Bankruptcy Rules for the Northern District of Ohio provide a period of fourteen days to respond to a motion. *See* LBR 9013–1 (2011). There is no indication in the Motion to Withdraw that Nationstar contacted counsel for the Debtors before filing the Motion to Withdraw and, thus, Nationstar had no reason to believe that the Debtors would stipulate to Nationstar withdrawing the Third Motion for Relief.

As counsel for Nationstar acknowledged at the expedited hearing, Nationstar did not provide counsel for the Debtors with any details of its unilateral proposal prior to filing the Motion to Withdraw. Counsel for Nationstar represented that Nationstar did not contact counsel for the Debtors with the terms of the proposed loan modi-

fication until Nationstar sent an email to counsel for the Debtors on the afternoon of November 2, 2015—*i.e.*, the day prior to the expedited hearing and evidentiary hearing.

At minimum, Nationstar's Motion to Withdraw is untimely. It did not provide the Debtors with sufficient time to respond; indeed, the Debtors had only one business day to consider the Motion to Withdraw, while at the same time preparing for an evidentiary hearing the following day. As a consequence, like the motion to withdraw in *In re Martin*, Nationstar's Motion to Withdraw cannot be granted.

Moreover, Nationstar has filed three motions for relief from stay with the current Third Motion for Relief having been pending for more than eight months. The Third Motion for Relief has been scheduled for an evidentiary hearing for more than three months. Yet, on the eve of the hearing, Nationstar unilaterally seeks to withdraw the Third Motion for Relief with only the vaguest outline of what it—unilaterally—proposes as a complete resolution of the Third Motion for Relief and the Debtors' Response. There is *no indication* in the Motion to Withdraw that the Debtors agree with the resolution unilaterally proposed by Nationstar; absent a stipulated agreement with the Debtors, Nationstar cannot withdraw the Third Motion for Relief without an order of the Court.

Accordingly, Nationstar has wholly failed to (i) comply with proper procedure; and (ii) state any just cause for withdrawal of the Third Motion for Relief. As a consequence, the Court will deny the Motion to Withdraw.

An appropriate order will follow.

**IT IS SO ORDERED.**

## ORDER DENYING NATIONSTAR MORTGAGE LLC'S MOTION TO WITHDRAW ITS MOTION FOR RELIEF FROM STAY (DOC. 88)

Before the Court is Nationstar Mortgage LLC's Motion to Withdraw its Motion for Relief from Stay ("Motion to Withdraw") (Doc. 151) filed by Nationstar Mortgage LLC ("Nationstar") on Friday, October 30, 2015 at 4:50 p.m. Nationstar seeks Court approval to withdraw Motion of Nationstar Mortgage LLC for Relief from Stay (First Mortgage) ("Third Motion for Relief") (Doc. 88), which Nationstar had filed on February 12, 2015. Along with the Motion to Withdraw, Nationstar filed Nationstar Mortgage LLC's Request for Expedited Hearing with Respect to the Motion to Withdraw its Motion for Relief from Stay (Doc. 152), in which it requested the Court (i) to set the Motion to Withdraw for an expedited hearing to be held prior to the November 3, 2015 evidentiary hearing on the Third Motion for Relief; and (ii) to permit the parties to appear at the expedited hearing telephonically.

On November 2, 2015, the Court entered Order Granting, in Part, and Denying, in Part, Request for Expedited Hearing (Doc. 153), in which the Court scheduled a hearing on the Motion to Withdraw for November 3, 2015 immediately prior to any evidentiary hearing on the Third Motion for Relief. The Court held the hearing on the Motion to Withdraw, at which appeared (i) Jeremy M. Campana, Esq. for Nationstar; and (ii) Philip D. Zuzolo, Esq. for Debtors Joseph J. Mocella and Kimberly A. Mocella.

For the reasons set forth in the Opinion Regarding Nationstar Mortgage LLC's Motion to Withdraw its Motion for Relief from Stay (Doc. 88) entered on this date, the Court hereby:

1. Finds that Nationstar has failed to comply with proper procedure re-

garding the filing and noticing of the Motion to Withdraw;

2. Finds that Nationstar has failed to state any just cause for withdrawal of the Third Motion for Relief; and

3. Denies the Motion to Withdraw.

**IT IS SO ORDERED.**